THE OLD BEN COAL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES COLLETTI, Defendant in Error.)

*Opinion filed February 18, 1926.*

WORKMEN'S COMPENSATION—*what must be shown to justify an award for permanent total incapacity.* To justify an award for permanent total incapacity the applicant must not only show that he has been injured and is entitled to compensation, but he must also show by evidence that his injuries will be reasonably certain to leave him permanently totally incapacitated from pursuing his usual and customary line of employment.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

GEORGE D. ANTHONY, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This writ of error is prosecuted by leave of this court to review a judgment of the circuit court of Williamson county affirming an order of the Industrial Commission awarding to James Colletti, defendant in error, compensation for accidental injuries received while employed in the coal mine of plaintiff in error. The award was for compensation at the rate of $14 a week for a period of 267-6/7 weeks and thereafter a pension during life of $300 per annum, payable $25 monthly. The award was based upon a finding "that as a result of said injury petitioner was rendered wholly and permanently incapable of work."

Colletti was sixty-one years of age at the time of getting hurt and was a loader of coal, and while loading coal he was in some manner, which does not appear from the

evidence, struck by a car and quite severely injured.   The injury occurred January 30, 1923.   He was taken from the mine to the mine office, where a doctor attempted to give him first aid but was prevented from so doing by Colletti and his son.   He was then taken to a hospital, where he remained for some time, the length of time not being disclosed by the evidence.   From the hospital he was removed to his own home, where he was confined to his bed for a time which is not shown by the evidence.   A hearing was had before an arbitrator on February 7, 1924, at which hearing Colletti testified that he did not know how the accident happened and that he was rendered unconscious by it; that he regained consciousness in the hospital, about twenty days later; that when he became conscious the left side of his head and his right arm hurt him; that he had done no work since; that before he was hurt he worked every day, loading coal; that he did not know how long he was in the hospital or how long the doctor treated him; that he had a steady pain all the time; that he got dizzy about once or twice a week; that his right side hurt him when he slept on it; that all the bones in his hand hurt when he lifted anything; that he had not tried to do any work; that he could not do it; that he tried to lift a bucket of coal and was unable to do so.   The son testified that Colletti was unconscious in the hospital for six days.   On the hearing before the Industrial Commission the son testified that his father had not worked since the hearing before the arbitrator and that he had seen him try.   No witnesses other than Colletti and his son were called by him.

A practicing physician of Johnston City testified to seeing Colletti immediately after the accident and to examinations made by him February 17, 1923, April 14, 1923, June 26, 1923, and September 17, 1923.   He described in detail the objective findings of these different examinations, and testified that Colletti was not able to work on April 14 on account of his injury; that he was not able to work in

May; that on June 26 he thought Colletti could do light work, and that he was able to work September 17, 1923, which was the last time he examined him. Another physician, who specialized in accident cases and general surgery, testified that he examined Colletti February 6, 1924, at his office in Benton. He gave in detail the result of his physical examination, and stated that in his opinion Colletti was able to perform manual labor. Another physician, who specialized in industrial surgery, testified that on September 9, 1924, he made a complete physical examination of Colletti, including X-ray pictures of his skull. He testified that he concluded that Colletti was in a condition to do many things in the way of work; that it would take some little time to condition him to do hard manual labor, but he believed that with the proper amount and kind of work preceding such attempt eventually he probably could do so.

From these facts it is apparent that there is no evidence in the record upon which to base a reasonable prognosis as to Colletti's disability. To justify an award for permanent total incapacity the applicant must show not only that he has been injured and is entitled to compensation for such injury, but he must also show by evidence that his injuries will be reasonably certain to leave him permanently totally incapacitated from pursuing his usual and customary line of employment. This the evidence in the case fails to do. There is, therefore, in the record no basis for an award for permanent total disability and a pension for life.

The judgment of the circuit court will be reversed and the cause remanded, with directions to set aside the award and remand the cause to the Industrial Commission for further hearing.

*Reversed and remanded, with directions.*